# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TAJ NA'JEE ULLAH,**
**D.O.C. # B02899,**

    **Plaintiff,**

vs.                                                          Case No. 4:18cv211-MW/CAS

**SERGEANT DOWNER,**
**OFFICER DIAZ, and**
**OFFICER T. MCKENZIE,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 7. As Plaintiff has been granted leave to proceed in forma pauperis, his amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's complaint is brought against three Defendants for placing a shield over his room door. ECF No. 7. Plaintiff alleges that Colonel Lynn ordered the shield to be placed over the door because Plaintiff's cellmate "had a masterbation [sic] D.R." *Id.* at 5. Plaintiff alleges that Officer

McKenzie placed the shield on the door at 3:30 a.m. on March 9, 2018, and that the Officer, along with Sergeant Downer, told Plaintiff there was nothing that could be done about the shield.  *Id.*  Plaintiff also alleged that Officer Diaz also placed the shield over his cell window on March 7, 2018, at approximately 8:30 a.m.  *Id.*  Plaintiff complains that he can no longer sleep because he sees the black shield when he lies down, or even when trying to watch television.  *Id.* at 6.  Plaintiff requests $50,000.00 in damages for cruel and unusual punishment.  *Id.*

   Plaintiff was previously ordered to provide clarification about the facts of his case.  In particular, Plaintiff was directed to clarify his assertions about the placement of a black magnetic shield over the door window of his cell.  Plaintiff has not clarified how long the shield was left over the window, but Plaintiff's allegations in the amended complaint suggest the shield was placed over the window on two occasions.  There are no facts which show that doing so twice was cruel or unusual punishment.  There are also no facts which reveal that Plaintiff's window was obscured for a prolonged period of time.  It could not have been a very long period of time because the shield was first placed on his door on March 7, 2018, and again just two days later.  To be placed on the door on March 9, 2018, it was removed

sooner than 48 hours. ECF No. 7 at 5. That is an insufficient period of time to support a claim for cruel and unusual punishment under the Eighth Amendment.

Additionally, the events about which Plaintiff complains occurred on March 7, 2018, and on March 9, 2018. ECF No. 7 at 5. This case was initiated by Plaintiff on April 20, 2018. ECF No. 1. It is highly unlikely that Plaintiff could have exhausted administrative remedies by that date.

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a § 1983 action concerning the conditions of his confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is a mandatory, pre-condition to suit and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Porter v. Nussle, 534 U.S. 516, 524–25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (stating that "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections

officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

The Supreme Court held in Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that exhaustion is not a pleading rule that falls upon a prisoner to demonstrate in the complaint; rather, it is an affirmative defense. 549 U.S. at 211-212, 127 S.Ct. at 919. Generally, courts do not depart from the usual practice of treating exhaustion as an affirmative defense. Jones, *Id.* at 212, 127 S.Ct. at 919. Yet when it appears on the face of a complaint that the claim is unexhausted, it may be dismissed pursuant to § 1915(e)(2)(B). Sanks v. Willams, No. 407-cv-070, 2007 WL 3254368, at *3 (S.D. Ga. Nov. 2, 2007) (although a prisoner is not required to demonstrate exhaustion in his complaint, "nothing in Jones forbids the Court from dismissing a complaint pursuant to § 1997e(a) if it is clear from the face of a prisoner's complaint that he has not exhausted all administrative remedies available to him.") (citing Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007) (holding that where "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint" and noting that Rule

12(b)(6) permits dismissal "if an affirmative defense, such as the statute of limitations or official immunity, appears on the face of the complaint"); *see also* Soler v. Bureau of Prisons, No. 3:03cv488-RV/MD, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted.").

It appears that even if Plaintiff had alleged a viable claim under the Cruel and Unusual Punishments Clause, which he has not, dismissal would be appropriate because Plaintiff filed this complaint on April 20, 2018. The events about which Plaintiff complains took place just 42 days later. ECF No. 7 at 5. An informal grievance must be received within 20 days of the incident. FLA. ADMIN. CODE R. 330193.011(1)(a). Prison officials then have 10 calendars days in which to to respond. FLA. ADMIN. CODE R. 33-103.011(3)(a). Formal grievances must be received within 15 days of the date of that response, and the reviewing authority has up to 20 calendar days to respond. FLA. ADMIN. CODE R. 33-101.011(1)(b), (3)(b). Just proceeding with those two steps of the grievance process would exceed the 42 days in which this case was initiated, and Plaintiff would still have

Case No. 4:18cv211-MW/CAS

been required to file a grievance appeal.  Plaintiff could not have exhausted administrative remedies as required by the time he initiated this case on April 20, 2018.  This case should be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2018.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other**

**parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1**; **28 U.S.C. § 636.**